**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos Enrique VELASQUEZ–REYES,**
**a.k.a. Carlos Enrique Velasquez–**
**Osorio, Defendant–Appellant.**

Nos. 14–10537, 14–10539.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 20, 2015.

Lauren G. Labuff, Assistant U.S, USTU–Office of the U.S Attorney, Tucson, AZ, for Plaintiff–Appellee.

John D. Kaufmann, Esquire, Law Office of John D. Kaufmann, Tucson, AZ, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Carlos Enrique Velasquez–Reyes appeals the 24–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the 12–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Velasquez–Reyes contends that the district court procedurally erred by failing to consider adequately his argument for a downward variance or departure based on his alleged over-incarceration in a prior case. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court considered Velasquez–Reyes' argument and sufficiently explained the sentence. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Velasquez–Reyes next contends that the sentence is substantively unreasonable in light of the alleged procedural error, the district court's failure to grant his request for a downward departure or variance, and the mitigating factors. The district court did not abuse its discretion in imposing Velasquez–Reyes' sentence. *See Gall v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.